**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 12-cv-0601-WJM

APRIL E. WHITTEN,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

---

**ORDER REVERSING ADMINISTRATIVE LAW JUDGE'S DECISION AND
REMANDING TO THE COMMISSIONER**

---

    This social security benefits appeal is before the Court under 42 U.S.C. § 405(g). Plaintiff April Whitten ("Plaintiff") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits and supplemental security income. The denial was affirmed by an administrative law judge ("ALJ"), who ruled Plaintiff was not disabled within the meaning of the Social Security Act ("Act"). This appeal followed.

    For the reasons set forth below, the ALJ's decision denying Plaintiff's application for Social Security disability benefits is reversed and the case is remanded to the Commissioner for rehearing.

## I. BACKGROUND[1]

Plaintiff April E. Whitten ("Plaintiff") was born on February 22, 1967 and was 40 years old on the alleged disability onset date. (Admin. Record ("R.") (ECF No. 9) at 19.) Plaintiff is a graduate student studying to obtain a master's degree in psychology, and has past relevant work experience as a hair stylist. (R. at 16, 18.)

Plaintiff filed an application for disability insurance benefits and supplemental security income on September 12, 2008, alleging that she had been disabled since January 13, 2008 due to several impairments, including degenerative disc disease and accompanying severe back pain. (R. at 10, 12.)

Plaintiff began treating with Dr. Patrick Timms, M.D., a specialist in rheumatology, on June 9, 2009. (R. 306-07.) Dr. Timms diagnosed Plaintiff with cervical, thoracic, and lumbar spondylosis and a disc herniation. (R. at 326, 341.) After multiple appointments with Plaintiff, Dr. Timms opined on May 21, 2010 that Plaintiff could sit for ten minutes at once and up to one hour per day, stand for ten minutes at once and up to two hours per day, and lift or carry five pounds. (R. at 421-422.)

Plaintiff's application for benefits was initially denied on November 25, 2008. (R. at 10.) After requesting a hearing, Plaintiff's claims were heard by ALJ Kathryn D. Burgchardt in a video hearing on August 23, 2010. (R. at 10.) Plaintiff and vocational expert Dennis J. Duffin testified at the administrative hearing. (*Id.*) Medical evidence and opinions were provided by Dr. Timms, physical consultative examiner Dr. Justin

---

[1] The following background focuses only on the elements of Plaintiff's medical history that are relevant to the Court's analysis, *i.e.*, Plaintiff's degenerative disc disease and back pain. The Court omits all discussion of Plaintiff's alcohol abuse and mental health history.

2

Olswanger, D.O., psychological consultative examiner Dr. Steven D. Martin, M.D., and state agency medical consultant James J. Wanstrath, Ph.D.  (R. at 17-18, 342.)

At the hearing before the ALJ, Plaintiff testified that she was limited to sitting and standing for thirty minutes each, could walk only half of one block, could lift only five pounds, and lies down regularly to rest.  (R. at 30, 46-47.)  Plaintiff also testified that, as a student, she attends school for two full days per week and studies in the morning on three additional days per week.  (R. at 32-33.)  As the single mother of four children, two of whom were ages five and six at the time of the hearing, Plaintiff testified that she cares for her family, doing laundry, cooking, and cleaning, and stated that she takes her children to and from school with the assistance of her parents, who drive her.  (R. at 41-44.)

On August 23, 2010, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 13, 2008, the alleged onset date.  (R. at 12.)  At step two, she found that Plaintiff suffered from degenerative disc disease, a severe impairment.  (*Id.*)  At step three, the ALJ found that Plaintiff's degenerative disc disease did not meet any of the impairments or combination of impairments listed in the social security regulations.  (R. at 14.)  The ALJ assessed Plaintiff's residual functional capacity ("RFC"), finding that she had the

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy.  *See* 20 C.F.R. § 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988.)  The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five.  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

RFC to perform "sedentary" work as defined by the regulations, but imposing several limitations, including lifting and carrying less than ten pounds frequently and ten pounds occasionally, pushing and pulling with upper and lower extremities with the same weight restrictions, standing and walking a total of two hours in an eight hour workday, sitting a total of six hours in an eight hour workday, occasionally stooping and crouching, and no climbing ladders, ropes, or scaffolds.  (R. at 14-15.)

In establishing this RFC, the ALJ discussed Plaintiff's testimony, noting inconsistencies in Plaintiff's statements regarding her disability, and finding that "[t]he evidence strongly suggests that the claimant is capable of far more exertional activity than she stated during her testimony."  (R. at 16-17.)  The ALJ also discussed the medical opinions, giving "little weight" to Dr. Timms's opinion because "his limitations are inconsistent with the medical evidence and suggest that he may have lost objectivity in his effort to assist his patient [to] secure disability benefits."  (R. at 18.)

Given the RFC, at step four the ALJ found that Plaintiff could not perform her past relevant work as a hair stylist.  (R. at 18.)  However, at step five, the ALJ found that given Plaintiff's age, education, work experience, and her RFC, there were jobs in significant numbers in the national economy that Plaintiff could perform.  (R. at 19.)  Accordingly, the ALJ found that Plaintiff was not disabled within the meaning of the Act, and therefore was not entitled to benefits.  (*Id.*)

The Appeals Council denied Plaintiff's request for review on January 19, 2012.  (R. at 2.)  Thus, the ALJ's August 23, 2010 decision is the final administrative action for purposes of review.

## II.  STANDARD OF REVIEW

The Court reviews the Commissioner's decision on Plaintiff's entitlement to disability benefits to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id*.  "It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).  Evidence is not substantial if it is overwhelmed by other evidence in the record.  *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005).  In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency.  *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006).  "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

## III.  ANALYSIS

On appeal, Plaintiff raises three issues: (1) the ALJ failed to state a proper basis for discounting the opinion of treating specialist Dr. Timms and giving it only little weight; (2) the ALJ failed to state reasons for adopting some limitations, but not others, from Dr. Timms's opinion in formulating the RFC; and (3) the ALJ failed to properly state the evidence she relied upon in formulating the RFC, specifically the portions of Plaintiff's testimony that were found credible, and failed to describe how that evidence supported the RFC assessment.  (ECF No. 17 at 7-8.)  Because the Court finds that the

ALJ failed to apply the correct legal standard in weighing Dr. Timms's opinion, and that this error was not harmless and requires remand, the Court will address this argument first.

## A.     Treating Physician's Medical Opinion

Plaintiff contends that the ALJ failed to state reasons for giving little weight to the opinion of Dr. Timms, Plaintiff's treating specialist. (ECF No. 17 at 17-21.)

The opinion of a treating physician is generally "entitled to great weight because it reflects expert judgment based on continuing observation of a patient's condition over a prolonged period of time." *Williams v. Chater*, 923 F. Supp. 1373, 1379 (D. Kan. 1996). However, an ALJ may diminish the weight assigned to that opinion if it is contradicted by other medical evidence, or otherwise inconsistent with substantial evidence in the record. *See Marshall v. Astrue*, 315 F. App'x 757, 759-60 (10th Cir. 2009); 20 C.F.R. § 404.1527(d)(2). The analysis of how much weight to accord a treating source opinion requires two steps:

> An ALJ must first consider whether the opinion is well-supported by medically acceptable clinical and laboratory diagnostic techniques. If the answer to this question is "no," then the inquiry at this stage is complete. If the ALJ finds that the opinion is well-supported, he must then confirm that the opinion is consistent with other substantial evidence in the record. In other words, if the opinion is deficient in either of these respects, then it is not entitled to controlling weight.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (citing 20 C.F.R. §§ 404.1527, 416.927).

If a treating physician's opinion is not given controlling weight, the ALJ must determine what weight, if any, the opinion deserves, considering the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Id.* at 1301 (internal quotations omitted). The ALJ need not explicitly discuss each individual factor, as not every factor will apply in every case. *See Oldham v. Astrue,* 509 F.3d 1254, 1258 (10th Cir. 2007). Nevertheless, the treating physician's opinion "must be weighed using all of the factors," the ALJ must "give good reasons" for the weight to be assigned to a medical opinion, and "if the ALJ rejects the opinion completely, he must then give specific, legitimate reasons for doing so." *Watkins*, 350 F.3d at 1301 (internal citations omitted); *see also* 20 C.F.R. § 404.1527(d)(2); Soc. Sec. Ruling (SSR) 96–2p, 1996 WL 374188, at *4. This requirement ensures that the ALJ's decision "make[s] clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Oldham*, 509 F.3d at 1258 (internal quotation marks omitted).

Here, Plaintiff argues that the ALJ failed to give proper reasons for discounting Dr. Timms's opinion and giving it only "little weight." (ECF No. 17 at 14; R. at 18.) In order to conclude that the medical opinions of Dr. Timms, a treating physician, were not entitled to controlling weight, the ALJ was required to find that either his opinion was not well-supported by medically acceptable diagnostic techniques, or that it was inconsistent with other substantial evidence in the record. *Watkins*, 350 F.3d at 1300. The ALJ indicated that Dr. Timms's opinion was inconsistent with Plaintiff's testimony

7

regarding her limitations and her daily activities, and with the medical evidence. (R. at 18.) Therefore, the ALJ applied the correct legal standard in finding that Dr. Timms's medical opinion was not entitled to controlling weight.

After determining that a treating physician's opinion does not control, the ALJ is required to consider "all of the factors" articulated in *Watkins* in determining the weight the opinion should be given. 350 F.3d at 1301. In the instant case, the ALJ explained that Dr. Timms's opinion was not consistent with Plaintiff's testimony, found the limitations he assigned to Plaintiff to be "extremely disproportionate" to his own medical observations in the record, and described a conflicting assessment with another physician in Dr. Timms's practice. (R. at 18.) This indicates that the ALJ considered factors (3) and (4), the evidence supporting the opinion and the consistency between the opinion and the record—essentially the same considerations used to determine that the opinion was not controlling. However, the ALJ's decision did not discuss factors (1), (2), and (5) regarding the nature, length, and extent of the treatment relationship, the frequency of examination, and Dr. Timms's status as a specialist.

While the ALJ is not required to expressly discuss each factor, all pertinent factors must be considered, and the decision must articulate "good reasons" for the weight that is ultimately assigned. 20 C.F.R. § 404.1527. Here, because Dr. Timms was a specialist who saw Plaintiff multiple times as her treating physician, the Court is unable to find that the factors the ALJ failed to discuss were not applicable to the case. Whether the ALJ chose to grant Dr. Timms's opinion the little weight that she did because of his status as a specialist and his relatively short treatment relationship with

the Plaintiff, or whether the ALJ completely ignored these factors and neglected to consider them, the Court cannot guess. Although the stated inconsistencies with the record are sufficient to explain why the ALJ did not give Dr. Timms's opinion controlling weight, the ALJ's explanation fails to "make clear" to the Court the reasoning for the weight ultimately given. *Oldham*, 509 F.3d at 1258. The existence of multiple factors in the regulations indicates that a treating physician's opinion should not be severely discounted based upon one factor alone. *See Watkins*, 350 F.3d at 1301. Accordingly, the Court finds that the ALJ erred in failing to apply the analysis required by 20 C.F.R. §§ 404.1527 and 416.927 in weighing Dr. Timms's opinion.

**B.     Harmless Error**

Even where the Court finds that the ALJ has erred in her analysis, the Court will affirm the decision where the error is harmless. *See Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). Courts must exercise caution in applying harmless error analysis in the context of a Social Security disability appeal. *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733-34 (10th Cir. 2005). Nevertheless, a finding of harmless error may be appropriate in the "exceptional circumstance . . . where, based on material the ALJ did at least consider (just not properly), [a court] could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen*, 357 F.3d at 1145. However, the Court cannot weigh the evidence or make findings of fact in order to "save the decision," as doing so would "usurp[ ] the ALJ's primary responsibility" to make those determinations. *Id.*

In the instant case, the ALJ's decision centered not on what medical evidence supported her conclusions, but rather on the contradictions and inconsistencies the ALJ found in the testimony and the medical opinions. (*See* R. at 15-18.) The bulk of the discussion focused on Plaintiff's testimony, explaining the ALJ's findings that Plaintiff's stated limitations and disabling symptoms were not credible because they were contradicted by Plaintiff's other statements. (R. at 16-17.) Of the two medical opinions regarding Plaintiff's physical condition that the ALJ discussed, Dr. Timms's opinion was given little weight, and Dr. Olswanger's opinion was simply "given weight," without any indication of how little or how much it was weighed. (R. at 18.) Apart from giving Dr. Olswanger's opinion weight of an unknown quantum, the ALJ failed to discuss which evidence she *did* find credible, and which evidence she relied upon in reaching her conclusions. *See Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) (an ALJ must discuss uncontroverted and/or significantly probative evidence he rejects, "in addition to discussing the evidence supporting his decision").

The ALJ's failure to state the evidence she relied upon prevents the Court from determining whether, notwithstanding the errors found here, that evidence would have been sufficient to convince any reasonable factfinder that Plaintiff was not disabled. There may be medical evidence in the record that supports the ALJ's ultimate determinations, and the ALJ's reasoning may be perfectly sound. However, without the benefit of findings by the ALJ revealing her specific weighing of such evidence, the Court cannot "say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way," nor may the Court

usurp the ALJ's factfinding role and substitute its own weighing of the evidence in order to "save the opinion." *Allen*, 357 F.3d at 1145. Accordingly, the Court cannot find that the ALJ's errors were harmless. These errors therefore require reversal.

**C.     Other Arguments**

Plaintiff raises two additional issues related to the sufficiency of the underlying proceedings. Because the Court finds that the ALJ's analysis of Dr. Timms's medical opinion failed to apply the proper legal standard, and that this error alone was not harmless and requires remand, the Court need not address the other arguments raised by Plaintiff. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006) (when the ALJ's error affected the analysis as a whole, court declined to address other issues raised on appeal).

The Court expresses no opinion as to Plaintiff's other arguments, and neither party should take the Court's silence as tacit approval or disapproval of how the evidence was considered. It is entirely possible that the ALJ could arrive at the same conclusion and find that Plaintiff is not disabled under the Act. The Court does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties, as well as the ALJ, to consider the evidence and the issues anew.

Finally, the Court notes that according to Plaintiff's testimony, she was being treated for the impairment at issue by a Dr. Koonz, but no medical records from Dr. Koonz were submitted into evidence in the proceeding before the ALJ. (R. at 16.) On remand, the ALJ should attempt to obtain the relevant records from Dr. Koonz and

weigh them with the other medical evidence as she sees fit.  *See Grogan v. Barnhart,* 399 F.3d 1257, 1264 (10th Cir. 2005) ("When he considers an issue, an ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing.") (internal quotation marks omitted); *Nagelschneider v. Astrue*, 617 F. Supp. 2d 1115, 1119 (D. Colo. 2009) ("[T]o the extent that medical records pertinent to plaintiff's impairments exist that are not included in plaintiff's case record, the ALJ should obtain and consider such records as he deems appropriate.").

### III.  CONCLUSION

For the reasons set forth above, the Commissioner's decision is REVERSED and this case is REMANDED to the Commissioner for rehearing.

Dated this 11th day of April, 2013.

BY THE COURT:

William J. Martinez
United States District Judge