IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 12-cv-0601-WJM

APRIL E. WHITTEN,

    Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

    Defendant.

---

**ORDER DENYING MOTION FOR AWARD OF ATTORNEYS' FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412**

---

On April 11, 2013, the Court vacated the Commissioner's denial of benefits to the Plaintiff and remanded this action for further proceedings. (ECF No. 21.) This matter is now before the Court on Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion"). (ECF No. 25.) For the reasons set forth below, the Motion is denied.

### I.  LEGAL STANDARD

The Equal Access to Justice Act ("EAJA") requires that a court "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . . ." 28 U.S.C. § 2412(d)(1)(A). "The Government bears the burden of showing that its position was substantially justified. . . . The test for substantial justification in this circuit is one of reasonableness in law and

fact." *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).

## II.  ANALYSIS

The Court remanded this action to the Commissioner for further proceedings based on its conclusion that the Administrative Law Judge ("ALJ") had failed to set forth "good reasons" for the weight assigned to a treating physician's opinion.  (ECF No. 21 at 8-9.)  The Court noted that the ALJ only explicitly considered two of the six factors relevant to the weight an ALJ assigns to medical opinions.  (*Id*. (citing 20 C.F.R. § 404.1527(c)).)  The Court remanded the case because there was no way for the Court to tell whether the ALJ had considered two other factors which, in the Court's assessment, were highly relevant to the weight assigned to those opinions.  (*Id*.) The Commissioner argues that her position in this case was substantially justified because controlling case law does not require the ALJ to explicitly discuss each of the six factors.  (ECF No. 28 at 3.)

Agency regulations requires that, if an ALJ does not give a treating source opinion controlling weight, he must "consider" all six factors when deciding what weight to assign the medical opinion.  *See* 20 C.F.R. § 404.1527(c).  The Tenth Circuit has held that the ALJ need not explicitly discuss each of the six factors, but has also held that the ALJ must include enough details as to how he arrived at the weight assigned so that the reviewing court can ensure that the law was properly applied.  *See Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007) (noting that there is no case law requiring an ALJ to "apply expressly each of the six relevant factors in deciding what weight to give a medical opinion" but holding that the ALJ's analysis must be "sufficiently specific

to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight."). This standard is difficult to apply as there is no clear line as to how many of the six factors must be discussed, and no clear standard for what constitutes "good reasons".

Given the difficulty of applying this standard, the Court finds that the Commissioner's argument in this case was reasonable based on law and fact and was, therefore, substantially justified. Because the Commissioner's position was substantially justified, Plaintiff is not entitled to recover attorneys' fees under the EAJA. *See* 28 U.S.C. § 2412(d)(1)(A).

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Award of Attorneys' Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (ECF No. 25) is DENIED.

Dated this 25th day of June, 2014.

BY THE COURT:

William J. Martinez
United States District Judge